Robinson, J.
 

 This action grew out of a collision between the automobile of one Dickerson and a motor transportation bus of the defendant in error com
 
 *438
 
 pany, in which collision plaintiff in error, W. B. Stoops, received injuries. Plaintiff in error was a passenger in the Dickerson automobile. One specification of negligence was that the bus was being operated in the night season without headlights. Evidence was introduced tending to sustain such specification, but there was no evidence tending to prove that the accident occurred within the period between one hour after sunset and one hour before sunrise. Dickerson was a witness at the trial, and testified that he saw the bus. at some distance before he reached the point of collision. There was no evidence tending to prove that plaintiff in error saw the bus at any time.
 

 At the conclusion of all the evidence and before argument, counsel for plaintiff in error submitted requests five and six, and asked the court to give them to the jury, which requests were denied. These requests read, as follows:
 

 “No. 5. If you find, from a preponderance of the evidence, that this accident occurred after dark and that said defendant company did not have lights lighted on the front part of said bus, as required by the statutes of this state, and that as a direct result of its failure to have such lights this accident was caused and the plaintiff was injured, then, if the plaintiff was in the exercise of ordinary care, your verdict should be for the plaintiff, that is, W. B. Stoops.
 

 “No. 6. If, from a preponderance of the evidence, you find that the defendant, The Youngstown Suburban Transportation Company, in the exercise of ordinary care, should have sounded a warning as it operated its said bus into the stream of traffic, at the
 
 *439
 
 time and place alleged, bnt neglected so to do, and that as a proximate result of its failure a collision occurred and plaintiff received injury, then the defendant company was guilty of actionable negligence and if plaintiff was in the exercise of ordinary care, your verdict in this case should be for W. B. Stoops.”
 

 After argument, in his general charge to the jury, the court withdrew the issue of the presence or absence of headlights from the consideration of the jury, in the following language:
 

 “I want to withdraw this allegation from your consideration. I am charging you, members of the jury, that when you come to retire to deliberate and determine the issues of this case, that you do not take into consideration as a ground of recovery or as a ground of negligence in this case as against this defendant company the allegation or claim made here in this amended petition with respect to the absence of proper headlights upon the bus at the time and place in question. My reason for doing so is this, that as the evidence now appears to me, the absence of proper headlights, if there was or was not absence of proper headlights, could not be construed or interpreted by the law as in
 
 any
 
 wise being the proximate and direct cause of any injury or damage this plaintiff may have suffered.”
 

 The verdict was for the defendant; judgment for the defendant was affirmed by the Court of Appeals.
 

 The courts below evidently fell into the error of imputing to the plaintiff in error the knowledge of the presence and approach of the bus which the witness Dickerson testified that he (Dickerson) had. This specification of negligence having been pleaded, and evidence tending to support the allegation having been admitted, it became the function of the jury
 
 *440
 
 to determine, not only whether the collision occurred after dark, and whether the bus displayed headlights, but also to determine whether the exercise of ordinary care required a display of headlights at the time and place, and, if so, whether the injury to the plaintiff was the proximate result of such negligent act; for, while the conduct of Dickerson might not have been otherwise had the bus displayed headlights, since he saw the bus at a sufficient distance to warn him as completely of its presence as such a display would have warned him, the plaintiff was not shown to have had any such warning, and therefore was not afforded an opportunity to take any precaution for his own protection and safety.
 

 Request No. 5 was objectionable for the reason that it was specifically based upon the violation of a statute, which the evidence did not warrant; and it is not sufficiently comprehensive to define a breach of a common-law duty. Request No. 6 states the law, and should have been given before argument.
 

 The judgments of the two courts will be reversed for the error in the failure to give before argument request No. 6, and for error in the general charge in withdrawing from the consideration of the jury the question whether the absence of headlights at the time and place amounted to a failure upon the part of the defendant in error to observe ordinary care, and, if so, whether such negligence was a proximate cause of the injury to the plaintiff. The cause will be remanded for further proceedings.
 

 Judgments reversed and cause remanded.
 

 Marshall,, C. J., Kinkade, Matthias, Day and Allen, JJ., concur.
 

 Jones, J., dissents from the judgment.